JAMES L. ADKINS *v.* CAROL ANN ELVARD.

[No. 1-872A43. Filed April 3, 1973. Rehearing denied May 7, 1973. Transfer denied August 27, 1973.]

*Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, *Norman E. Hay, Birchler & Hay,* of Cannelton, for appellant.

*Ralph P. Zoercher, Zoercher, Becker & Huber,* of Tell City, *Paul F. Mason,* of Rockport, for appellee.

ROBERTSON, P.J.—This is a personal injury action brought by James Adkins (plaintiff-appellant), who filed a complaint alleging that he had been seriously injured as the result of being struck by an automobile negligently operated by Carol Elvard (defendant-appellee). Adkins' amended complaint averred that on the evening of December 31, 1968, he was crossing a two lane paved public street in the middle of the block in Cannelton, Indiana, when he was struck by Miss Elvard's car. In her answer, Miss Elvard denied each and every allegation of the complaint and alleged that the injuries complained of by Adkins were caused solely by his own negligence.

A trial by jury resulted in a verdict for Miss Elvard and a finding that Adkins take nothing by his complaint. Following an unsuccessful motion for judgment on the evidence or in lieu thereof a new trial by Adkins, the court sustained Miss Elvard's motion for judgment on the verdict. Adkins thereafter filed a motion to correct errors which was subsequently overruled. Adkins' motion sets forth the following specifications of error:

1) The court erred in overruling plaintiff's motion for judgment on the evidence and in sustaining defendant's motion for judgment on the verdict in that the decision was contrary to law, not sustained by the evidence and in violation of plaintiff's constitutional rights to due process and equal protection under the law;

2) the decision is contrary to law in that the court gave defendant's tendered Instructions Nos. 10, 12, 5, 9, and 13 over plaintiff's objection even though the instructions were mandatory and failed to specify all the facts, if found, that would deny plaintiff a verdict;

3) the decision is contrary to law in that over plaintiff's objection the defendant by her attorneys on voir dire, opening statement and closing statement made arguments and statements that demanded that the jury must find for defendant in

the advent that the jury found facts which supported the partial statement of law as propounded in defendant's tendered Instructions Nos. 10, 12, 5, 9 and 13;

4) the court abused its discretion in giving all of plaintiff's instructions first and all of defendant's instructions last which gave undue prominence to defendant's instructions so as to mislead the jury.

In this brief counsel for Adkins has attempted on appeal to raise certain additional alleged errors which were not presented to the trial court in the motion to correct errors. Any claimed error not raised in the motion to correct errors before the lower court will be deemed waived on appeal, and therefore, we find it unnecessary to consider the additional errors alleged in Adkins' brief. Trial Rule 59(G), IC 1971, 34-5-1-1. *State* v. *Steinmetz* (1971), 257 Ind. 60, 272 N.E.2d 320. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227.

The proper test for determining whether a motion for judgment on the evidence should be granted is the same as that formerly applied to a motion for directed verdict. It is well settled in this state that a motion for judgment on the evidence or a directed verdict should not be granted ". . . if the evidence is such that the minds of reasonable men might differ, or if the determination of negligence depends on conflicting evidence." *Wroblewski* v. *Grand Trunk Western Ry. Co.* (1971), 150 Ind. App. 327, 276 N.E.2d 567, 571. See also: *Memorial Hospital of South Bend, Inc.* v. *Scott* (1972), Ind. App., 290 N.E.2d 80; *Farmer* v. *Werner Transp. Co.* (1972), 152 Ind. App. 609, 284 N.E.2d 861; *Mamula* v. *Ford Motor Co.* (1971), 150 Ind. App. 179, 275 N.E.2d 849.

The partial transcript submitted on appeal in this cause included only the testimony of Miss Elvard and her sister who was a passenger in the car at the time of the accident. That testimony fails to reveal any conclusive evidence of negligence on the part of Miss

Elvard, and moreover casts a substantial doubt on Adkins' allegation that he was struck by the Elvard auto and injured as a result thereof. The only evidence in the record which might conceivably support an inference of negligence on the part of Miss Elvard is her admission that she did not give warning by sounding her horn upon observing Adkins in her intended path of travel. Adkins contends that Miss Elvard's failure to sound the horn was in violation of IC 9-4-1-89, Ind. Ann. Stat. § 47-2034 (Burns 1965) and thereby constituted negligence as a matter of law. IC 9-4-1-89 requires that ". . . every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon a roadway and shall give warning by sounding the horn when necessary. . . ." Miss Elvard testified that she did not sound her horn because there was no time to do so, but only to slam on the brakes. We think a jury could reasonably infer that Miss Elvard did not violate the statute because it was not necessary for her to sound the horn where to do so would not serve as an effectual warning due to the shortness of time. Furthermore, even if Miss Elvard did violate a duty imposed upon her by the statute, such a violation would constitute prima facie evidence of negligence, *Boswell* v. *Washington* (1966), 140 Ind. App. 273, 221 N.E.2d 184, which in the light of rebutting evidence or evidence of a valid defense would not compel a verdict for Adkins.

In his brief Adkins has alluded to the testimony of certain independent witnesses which he elected not to make a part of the record on appeal. Even if the benefit of the doubt is afforded Adkins and it is assumed that such evidence was in conflict with that included in the record, we would be unable under the appropriate test, as heretofore set out, to find that the court erred in overruling the motion for judgment on the evidence. Accordingly, we must conclude that the court's ruling on Adkins' motion was not contrary to law nor was it unsupported by the evidence. As to Adkins' allegation that the ruling violated his constitutional rights of due process

and equal protection, we are unable to find any argument, other than the bare assertion itself, in Adkins' brief in support of this claim, and therefore the issue must be deemed waived. Appellate Rule 8.3(A) (7).

Error is next claimed on the giving of defendant's Instructions Nos. 2, 3, 5, 9, 10, 12 and 13. Instructions Nos. 2 and 3 will not be considered since no allegation of error based on these instructions was raised in Adkins' motion to correct errors. The basis of Adkins' objections to the giving of defendant's Instructions Nos. 5, 10 and 12, was that each instruction omitted any reference to the doctrine of last clear chance which Adkins alleged to be an issue in this cause. While we are not altogether convinced that last clear chance is applicable to this case, we nonetheless find that any alleged error predicated upon such an omission was cured by the giving of plaintiff's Instruction No. 9, which fully instructed the jury on the doctrine of last clear chance. In deciding whether an instruction is erroneous we must view the instruction as a whole with all of the other instructions to determine if the party claiming error has been prejudiced. *Cato Enterprises, Inc.* v. *Fine* (1971), 149 Ind. App. 163, 271 N.E.2d 146; *Merriman* v. *Kraft* (1969), 253 Ind. 58, 249 N.E.2d 485.

In his brief Adkins makes the additional argument that defendant's Instruction No. 5 is mandatory and as such it is defective in that it fails to include all of the elements necessary to preclude recovery. Adkins, however, failed to make a specific objection to the instruction on this basis before the jury retired, and we therefore, do not find it necessary to consider this argument. Trial Rule 51(C).

Defendant's Instruction No. 9, which it is alleged the court erred in giving, was objected to by Adkins "for the reason that it is a misstatement of the law in that there is no reference to the element of time." In his brief Adkins has restated this objection, but has failed to make any argument or cite

any authorities in support of the specific basis upon which he objected to the instruction. The error alleged must, therefore, be deemed waived. Appellate Rule 8.3(A)(7). Nonetheless, the substance of Adkins' argument relating to defendant's Instruction No. 9 is that it is similar to an instruction upon which this court found reversible error in *Hill* v. *Jennings* (1971), 149 Ind. App. 241, 271 N.E.2d 473. Our disagreement with Adkins' argument is twofold: first, the similarity between the two instructions is remote at best; and, secondly, reversible error in *Hill supra,* was based upon the giving of an erroneous mandatory instruction while defendant's Instruction No. 9 is not mandatory nor is it alleged to be.

Error is claimed in the giving of defendant's Instruction No. 13, which Adkins objected to because it purported to instruct the jury on the doctrine of "pure accident" which is not the law in Indiana. We must agree that it is the law in the state that the giving of an instruction which uses the phrase "mere accident," "unavoidable accident," "pure accident," or any language which directly or indirectly conveys to the jury a mere accident situation constitutes reversible error. *Jessop* v. *Werner Transp. Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598; *Qualls* v. *J. C. Penney Company* (1970), 144 Ind. App. 276, 245 N.E.2d 860; *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633. Defendant's Instruction No. 13, reads:

"I now instruct you that it is the law of the State of Indiana, that if you find from a fair preponderance of all the evidence in the case that the Defendant, Carol Ann Elvard, exercised all the attention and care in driving her automobile that would be considered reasonably necessary under all the circumstances, that the Defendant, Carol Ann Elvard, was not guilty of any wrongful act or omission of duty, and the damages for which the Plaintiff is suing, if any, were done unavoidably and under circumstances which the Defendant, Carol Ann Elvard, could not control or avoid, then the Plaintiff is not entitled to recover any damages against the Defendant, Carol Ann Elvard, and your

verdict should accordingly be for the Defendant, Carol Ann Elvard, for if there is no negligence on the part of one person, another cannot recover damages against that person even though the party suing has been damaged."

The instruction does not use the phrases "mere accident", "unavoidable accident", or "pure accident", nor are we persuaded that the language directly or indirectly conveyed a mere accident situation to the jury. A "mere or pure accident" situation is one where no one is at fault while the instruction in question deals solely with the issue of whether a party can recover damages from another party who was not at fault. Accordingly, we find no reversible error in the giving of defendant's Instruction No. 13.

Under Adkins' third specification, it is asserted that the court erred in refusing to admonish the jury to disregard certain alleged misstatements of the law made by defense counsel during voir dire and opening and closing arguments. The proper method to preserve error predicated upon such misconduct of opposing counsel is to promptly make objection and request the court to give an instruction counteracting the harmful effect of the objectionable language or argument. *William H. Stern & Son, Inc.* v. *Rebeck* (1971), 150 Ind. App. 444, 277 N.E.2d 15; *Lawson* v. *Cole* (1953), 124 Ind. App. 89, 115 N.E.2d 134. Although it is stated in Adkins' brief that timely objection was made to the voir dire conducted by Miss Elvard's attorney, the record is devoid of any such objection to either voir dire or the opening or closing arguments of defense counsel.

"It is the obligation of the appellant to tender a record sufficient to make manifest the error complained of. Imperfections in the record cannot be cured by inference or presumption. *Petty* v. *Friel* (1960), 240 Ind. 572, 167 N.E.2d 345. If, as suggested by appellant here, certain matters occurring at the hearing below are not contained in the record of proceedings, it was incumbent upon her to seek certiorari to correct the record. *Kain* v. *State* (1954), 234 Ind. 160, 123 N.E.2d 177 (Opinion on Rehearing), 125 N.E.2d 436; *Sumner* v. *Goings* (1881), 74 Ind.

293." *Ladd* v. *Rev. Bd. Ind. Emp. Sec. Div.* (1971), 150 Ind. App. 632, 276 N.E.2d 871, 875.

Adkins final allegation of error is that the court abused its discretion in giving all of plaintiff's instructions first and all of defendant's instructions last, which gave undue prominence to defendant's instructions so as to mislead the jury. This allegation is asserted several times in Adkins' brief but with no supporting argument or showing of how he was prejudiced by the sequence of the instructions. Furthermore, Adkins has not cited us any applicable authority, nor are we aware of any, to support his assertion. We are, therefore, unable to find that the court abused its discretion in giving plaintiff's instruction first and the defendant's last.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.