CELANESE COATING COMPANY *v.* GEORGE M. BLAKEMORE.

[No. 1-1273A215.  Filed March 19, 1975.]

*Larry D. Sutton, Hamilton & McConnell,* of North Vernon, for appellant.

*Robert B. Railing,* of Scottsburg, for appellee.

LYBROOK, J.—Plantiff-appellant Celanese Coating Company initiated this action seeking recovery for property damage sustained in a motor vehicle collision. Trial to the court without the intervention of a jury resulted in judgment for defendant-appellee Blakemore, and Celanese appeals.

Appellant's statement of the issue presented for review is "whether or not the decision of the trial court denied to plaintiff-appellant the relief to which it was entitled under the evidence."

The controversy herein stems from a multiple vehicle collision in the southbound lanes of Interstate 65 near Sellersburg, Indiana, involving a total of eighteen vehicles. Having averted vehicles which had already collided in the fog which blanketed the roadway on the morning of January 17, 1968, the tractor-trailer assembly carrying appellant's property pulled onto the center median of the highway. Subsequently, appellee's automobile collided with the wreckage on the highway and either caromed into the truck carrying appellant's property or was thrown there by the subsequent impact of another vehicle. A fire ensued in which appellant's property was destroyed.

Evidentiary review in an appeal from a negative judgment is limited to a determination of whether the decision of the trial court is contrary to law. The appropriate standard of review was stated in *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573, 576:

"It is only where the evidence is without conflict and leads to only one conclusion and the Trial Court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e. that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. See Edwards v. Wyllie, 246 Ind. 261, 203 N.E.2d 200 (1965). In this context, this Court, as a reviewing Court, will consider only the evidence most

favorable to the decision of the Trial Court. See Walting v. Brown, 139 Ind. App. 18, 211 N.E.2d 803 (1965) and Jones v. State, 244 Ind. 682, 195 N.E.2d 460 (1964)."

See also, *Yellow Mfg. Acceptance Corp.* v. *Voss* (1973), 158 Ind. App. 478, 303 N.E.2d 281; *Heminger* v. *Police Commission of Fort Wayne* (1974), 161 Ind. App. 72, 314 N.E.2d 827. Under this standard of review, we may not reverse the judgment of the trial court as being contrary to law should there be conflicting evidence upon any one element of the plaintiff's action.

Following the presentation of plaintiff's evidence, defendant moved for involuntary dismissal pursuant to Ind. Rules of Procedure, Trial Rule 41(B). The motion was overruled and defendant proceeded to present his evidence. Celanese argues that the court's ruling upon defendant's motion implied a finding of substantial evidence of probative value to sustain its material allegations and, therefore, the establishment of a *prima facie* case, shifting to defendant the burden of going forward with the evidence. Celanese then argues that defendant failed to satisfy his burden to go forward with the evidence and presented no evidence of probative value to rebut plaintiff's case. Celanese therefore contends that the evidence was without conflict and that it was entitled to judgment as a matter of law.

We need not address the question of whether Celanese has improperly interpreted the effect of the court's ruling on defendant's TR. 41(B) motion, since its assertion that Blakemore failed to present any evidence of probative value is clearly erroneous. One essential element of actionable negligence is that the plaintiff's injury be a proximate result of the defendant's negligence. See, *Bailey* v. *L. W. Edison Charitable Foundation* (1972), 152 Ind. App. 460, 284 N.E.2d 141; *Miller* v. *Griesel* (1973), 261 Ind. 604, 308 N.E.2d 701.

The record contains little evidence concerning the movements of defendant's automobile prior to the moment which

it struck the Celanese truck and caught fire. However, defendant presented evidence indicating that his vehicle collided with the truck only after being struck from the rear by another vehicle. Blakemore testified as follows concerning the accident.

"Q. As you approached this particular area where the accident happened what happened?

A. Well, all I can remember is passing a semi. Pulled back in the right lane and the next thing I knew I was shaking my head trying to come to. Something had hit me a jolt. I looked over to the right. My wife was lying over in her seat like this. So I reached for her with one hand, the door handle with the other and about that time something else clobbered us from the back. Or something else hit us I will say that. And so that was all I know 'til I heard a siren and woke up in the ambulance. . . ."

\* \* \*

"Q. Now do you remember or do you know how much time elapsed from the time you saw the truck that you hit until you hit it? Or did you ever see it?

A. I didn't see it. I didn't see anything. The only, the last thing I could remember is passing this semi and swinging back into the right lane, that is all. That is all I can remember until I woke up shaking my head in the car.

Q. Now when you woke up shaking your head in the car, were you stopped and on the highway?

A. Yes. I thought I was setting still. I don't remember any movement at all until something hit us again.

Q. And then something hit you and that knocked you into this Celanese trailer?

A. I guess it did. I just remember hearing the clash of metal and so forth, you know, like cars sound when something hits one."

A member of the Indiana State Police testified that as a result of his investigation, he was of the opinion that the Blakemore vehicle was not struck by a third vehicle prior to impact with the Celanese truck. Resolution of this conflict in the evidence was committed to the trial judge as the trier of fact.

Considering the evidence most favorable to the decision of the trial court, it could have been found that plaintiff's injury

was not the proximate result of any negligence of the defendant. We are therefore unable to conclude that the decision of the court is contrary to law. The judgment must therefore be affirmed.

Affirmed.

Lowdermilk, J. and Hoffman, J., by designation, concur.