Ophelia **DOMINGUEZ**, John R. Dominguez, Appellants (Plaintiffs Below),

v.

Arthur **GALLMEYER**, Appellee (Defendant Below).

No. 3–479A101.

Court of Appeals of Indiana, Third District.

April 16, 1980.

Jerrald A. Crowell, Bowman & Crowell, Ft. Wayne, for appellants.

William E. Borror, Hunt, Suedhoff, Borror, Eilbacher & Lee, Ft. Wayne, for appellee.

STATON, Judge.

John R. Dominguez and his wife, Ophelia, filed a negligence action against Arthur Gallmeyer. They alleged that Gallmeyer's negligent driving of his automobile resulted in injury to Mrs. Dominguez and the loss of her services to Dominguez. The jury returned a verdict for Gallmeyer and against the Dominguezes.

On appeal, the Dominguezes raise basically three issues for our consideration:

(1) Was the judgment of the trial court contrary to law?

(2) Did the trial court err when it allowed an amendment of the pre-trial order?

(3) Did the trial court err in giving and in failing to give certain instructions to the jury?

We affirm.

The facts relevant to our disposition of the case indicate that at approximately 6:45 ·a. m., March 25, 1977, Gallmeyer was driving north on Wells Street in Fort Wayne, Indiana. In accordance with a stop sign he pulled up and stopped about a foot and a half behind the Dominguez automobile at a Wells Street intersection. The Dominguez car was being driven, at Mrs. Dominguez's request, by her son. He was directed to take his mother to work and then pick up his father who was to be released from the hospital.

The automobiles remained stationary for a few seconds and then Dominguez began to move forward. As Gallmeyer momentarily glanced to the right to check the traffic flow, he took his foot off of the car's brake. His car, equipped with an automatic transmission, crept forward. When he returned his gaze to the front of the automobile, he saw that Dominguez had come to a stop for the second time. Gallmeyer was unable to stop his car in time to avoid striking the rear of the car in which Mrs. Dominguez was riding as a passenger.

After the collision, both Gallmeyer and Mrs. Dominguez got out of their cars and "exchanged information." They decided to dispense with reporting the accident to the police. Both then left the scene of the collision; Mrs. Dominguez went on to work and Gallmeyer went to have breakfast at a

nearby restaurant. Several hours later, Mrs. Dominguez began to complain of neck and back pains.

## I.

### Contrary to Law

▮▮▮▮ In framing this first issue on appeal, the Dominguezes urge us to find that "the judgment rendered upon the verdict is against the clear weight of the evidence adduced at trial." They are appealing from a negative judgment and it may only be reversed if it is contrary to law. *Ernst v. Sparacino* (1978), Ind.App., 380 N.E.2d 1271. When a judgment is attacked as being contrary to law, we may neither consider the credibility of the witnesses nor weigh the evidence. We may look only to that evidence most favorable to the judgment and all the reasonable inferences drawn therefrom. *Reynolds v. Meehan* (1978), Ind.App., 375 N.E.2d 1119. It is only when this evidence is "without conflict and leads to but one conclusion and the fact-finder reached a contrary conclusion will the decision be disturbed as contrary to law." *Ernst, supra,* at 1273.

▮▮▮ In the argument section of their brief, the Dominguezes painstakingly recap the testimony of most of the witnesses in the case. Unfortunately, their discussion of this issue ends with these recitations. The Dominguezes fail to provide us with any pertinent legal theory or cogent argument related to the question at hand. They point us to only one case, which proves to be inappropriate for the proposition for which it was cited. Failure to provide this Court with citations of authority germane to an issue or a pertinent argument will result in a waiver of that issue. *United Farm Bureau Family Life Ins. v. Fultz* (1978), Ind. App., 375 N.E.2d 601. We decline the Dominguezes' invitation to ponder their bald assertions of error and to, in the process, reweigh the evidence. This is not our function.

## II.

### Pre-Trial Order

The Dominguezes argue that the trial court erred in allowing Gallmeyer to amend the pre-trial order by including the defense of agency as a possible source of imputation of contributory negligence. They argue that this inclusion of agency was wrongful as no theory of agency had been pled or included in the pre-trial order. The issue of joint enterprise as it relates to the imputation of contributory negligence was specifically raised in the pleadings. As per Ind. Rules of Procedure, Trial Rule 16(J), the pleadings were deemed merged into the pre-trial order which delineated the issues in the case and supplanted the allegations raised in the pleadings. All subsequent pleadings were then controlled by this pretrial order. *See Colonial Mortgage Company of Indiana, Inc. v. Windmiller* (1978), Ind.App., 376 N.E.2d 529.

▮▮▮▮ The pre-trial order in the case at hand sets forth the following contested issues of fact:

"The contested issues of fact are the negligence, if any, of defendant, the contributory negligence, if any, of the driver of plaintiff Ophelia Dominguez's vehicle, whether this contributory negligence, if any, can be imputed to plaintiff, Ophelia Dominguez under the facts and circumstances then and there existing, whether the negligence, if any, of the defendant was a legal proximate cause of any alleged injury of plaintiff Ophelia Dominguez and the nature and extent of plaintiff's injuries and damages, if any, allegedly proximately resulting from the incident of March 25, 1977."

Obviously, the Dominguezes were aware that the imputation of contributory negligence was one of the contested issues of fact. To argue that the pre-trial order restricted the issues solely to a "joint enterprise" theory is incorrect. The order clearly states this issue to be "whether this contributory negligence, if any, can be imputed to plaintiff. . . ." Contributory negligence may be imputed by an agency theory as well as by a joint enterprise theory. *See Keck v. Pozorski* (1963), 135 Ind.App. 192, 191 N.E.2d 325, 330.

The evidence presented at trial revealed that the Dominguez automobile was owned by Mrs. Dominguez and was being driven, at her specific request, by her son. He had been directed, by his mother, to take her to work, and then pick up his father who was due to be released from the hospital. He testified that, without her specific instruction, he would not have taken her to work on the day of the collision. This evidence was introduced at trial without objection. The question of the imputation of contributory negligence through an agency relationship was well within the scope of the pre-trial order. The order merely set forth this issue in general terms. It did not limit the jury's consideration to only one theory of imputation of contributory negligence.

■ Even if the pre-trial order could be construed as having limited the contested issue to a consideration of solely a joint enterprise theory, TR. 15(B) permits the amending of this order to conform to the evidence. The Court in *Colonial Mortgage, supra,* dealt with the superficial conflict between TR. 16(J) and TR. 15(B). In speaking for the Court, Presiding Judge Garrard explained:

"TR 15(B) regarding amendments to conform to the evidence is not at odds with the foregoing. The purpose of TR 15(B) is to permit amendment where issues not contained in the pre-trial order are in fact litigated by express or implied consent. While it also provides for amendment although an objection has been made that proffered evidence is outside the issues, the court has discretion to grant such amendments; and should not do so where the objecting party establishes that amendment would prejudice him in maintaining his action or defense." 376 N.E.2d at 534, n. 3.

■ The trial court has the discretion to permit or deny modification of the pre-trial order. On appeal, we are limited to a determination of whether the court abused its discretion. *Colonial Mortgage, supra.*

As was noted earlier, evidence raising the issue of an agency relationship between Mrs. Dominguez and her son was presented at trial. Such evidence was not only introduced without objection, but Mrs. Dominguez and her son both testified as to her specifically requesting him to perform these duties. We fail to see that the trial court abused its discretion or that the Dominguezes were prejudiced by this alleged amendment as the pre-trial order clearly sets forth the issue of imputation of contributory negligence in general, rather than specific terms.

### III.

#### Instructional Error

The Dominguezes urge that the trial court erred when it gave Instruction # 14 and when it refused to give one of their tendered instructions. The instructions in question are as follows:

#### Instruction # 14

"If you find at the time and place of the incident in question that the operator of plaintiff, Ophelia Dominguez's, automobile was on a mission for this plaintiff or was acting as her agent at the time or if you find that the plaintiff, Ophelia Dominguez, was engaged in a joint enterprise with the operator of her vehicle, at the time of this incident, under the law, any negligence of this operator, James R. Dominguez, is imputed to Ophelia Dominguez and becomes her own negligence. If you further find that such imputed negligence, if any, was a proximate contributing cause to the incident in question such negligence amounts to contributory negligence and bars both plaintiffs' right to recover from defendant, Arthur Gallmeyer, in this action.

\* \* \* \* \* \*

#### Dominguezes Tendered Instruction

"In view of the fact that the Court has determined that the defendant has failed to sustain his allegations that the plain-

tiff Ophelia Dominguez, was engaged in a joint enterprise with her son at the time of the incident in question, the Court is withdrawing this issue from your consideration. The only remaining issue for you to decide is whether the defendant was negligent in the operation of his vehicle, and if so, whether the negligence of the defendant was a proximate cause of the collision and the injuries complained of by the plaintiff, Ophelia Dominguez."

The Dominguezes argue, in their brief, that there is "no shred of evidence to support a theory of joint enterprise" and that the trial court's failure to withdraw this issue from the jury's consideration was error.

The Dominguezes tendered a number of instructions to the court, one of which sets forth the elements of joint enterprise. A party cannot complain of an error in an instruction if he has tendered to the court an instruction containing the same or similar terminology. *Thornton v. Pender* (1978), Ind., 377 N.E.2d 613; *Lamb v. York* (1969), 252 Ind. 252, 247 N.E.2d 197. Because the Dominguezes tendered an instruction on joint enterprise, they cannot now complain of an instruction on the same issue. *Keck, supra.* In addition, their argument that the court's refusal to give their aforequoted tendered instruction is specious. The court refused two, among others, of their tendered instructions: one detailing a joint enterprise theory and the other urging the withdrawal of this theory from the jury's consideration. The Dominguezes are in a poor position to argue that the trial court committed an error by not withdrawing the joint enterprise theory, especially when they tendered an instruction on this very theory.

The Dominguezes next contend that the trial court erred when it gave four instructions, all dealing with various facets of contributory negligence or its imputation to Mrs. Dominguez. In their brief, they argue that the "repetitive nature of the injection of the negligence or contributory negligence" was misleading and suggestive to the jury. This argument is unavailable to them on appeal in that they made no objection in the court below to this effect. Any error in the giving of instructions is waived on appeal where the grounds asserted on appeal differ from those stated in the objections at trial. *Stanley v. Johnson* (1979), Ind.App., 395 N.E.2d 863; *Drolet v. Pennsylvania Railroad Company* (1960), 130 Ind.App. 549, 164 N.E.2d 555, 559.

They also urge us to find that these instructions were unsupported by the evidence. They contend that there is no evidence of any negligent act on the part of the driver of the car in which Mrs. Dominguez was riding and that there is no evidence to support the imputation of this alleged negligence to Mrs. Dominguez. We must disagree.

In reviewing a claim that the evidence was insufficient to support the giving of an instruction, we may only look to that evidence most favorable to the appellee and the reasonable inferences drawn therefrom. If there is any evidence to support the instruction, its giving is proper. *Echterling v. Jack Gray Transport, Inc.* (1971), 148 Ind.App. 415, 267 N.E.2d 198, 201. The record indicates that the Dominguez car was stopped, waiting at a stop sign when the Gallmeyer car pulled up. Both were stopped, one behind the other. According to Gallmeyer's testimony, the Dominguez car "started up and stopped again." This was substantiated by a second passenger in the Dominguez automobile when she testified that the Dominguez car pulled up to the intersection, came to a stop, moved forward a little and then came to a second stop. We conclude that this is sufficient evidence to support the giving of the questioned instructions. As was noted earlier, there is also sufficient evidence in the record to support the giving of the instructions dealing with the imputation of the driver's negligence.

Next, the Dominguezes contend that there was no evidence to support the

giving of a "mere accident instruction." This is not the case. There is sufficient evidence in the record as to the occurrence of the collision to support the giving of this instruction. We must note that "unavoidable accident" instructions have been disapproved in Indiana as being ambiguous and confusing to jurors. *Ernst, supra.* The instruction given here, however, was very closely patterned after an instruction specifically approved in *Ernst, supra,* and *Adkins v. Elvard* (1973), 155 Ind.App. 672, 294 N.E.2d 160. The Court in *Ernst* concluded that this instruction did not imply that the accident was unavoidable. Rather, it decided that this instruction was limited in its application to the question of whether the defendant could have controlled or avoided the circumstances causing the accident. *Ernst, supra.*

■ Finally, the Dominguezes argue that the trial court erred in refusing to give its tendered instruction # 1:

"On March 25, 1977, there was in force a statute of the State of Indiana which provided:

'The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles, the time interval between vehicles, and the condition of the highway.'

"If you find from a preponderance of the evidence that the defendant violated the statute on the occasion in question such conduct would constitute negligence on the part of the defendant."

They contend that this was an accurate statement of the law and that there was sufficient evidence in the record to support it. We agree with them that it was, indeed, a correct statement of the law. However, this statute had little to do with the issues at hand. Both cars were stopped at an intersection when the sequence of events, which resulted in the collision, began. To have given the tendered instruction would have been confusing to the jury. In considering an appeal based upon the court's refusal to tender a nearly identical "following too closely" instruction, the Court in *Ernst, supra,* said:

" 'Misapplication of statutes is an unavoidable hazard for lawyers and courts alike. It is a hazard that should not be introduced into a jury trial by instructions. *This is especially true where the statute has only a remote relevance to the issues and the evidence.'* (Emphasis added.)"

380 N.E.2d at 1276. We find no error in the court's refusal of the tendered instruction.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.