**Willis B. MULLINS, Appellant (Defendant below),**

v.

**Glen W. BUNCH and Debbie J. Bunch, Appellees (Plaintiffs below).**

Nos. 981S238, 1–980A240.

Supreme Court of Indiana.

Sept. 9, 1981.

Richard H. Crokin, Indianapolis, for appellant.

James F. Rosner, Sharpnack, Bigley, David & Rumple, Columbus, for appellees.

HUNTER, Justice.

This cause is before us on the petition to transfer of Glen and Debbie Bunch, wherein the couple seeks review of the Court of Appeals' memorandum decision, *Mullins v. Bunch*, (1981) Ind.App., 418 N.E.2d 577. There, the Court of Appeals found reversible error in the trial court's refusal to give an instruction tendered by Willis Mullins and remanded the cause for a new trial. That decision contravenes case precedent. We hereby grant transfer, vacate the decision of the Court of Appeals, and affirm the judgment of the trial court.

This action arose from an automobile accident in 1978 at the intersection of Highway 46 and Interstate 65 in Bartholomew County, Indiana. It is uncontradicted that the accident occurred as Mullins, who had been eastbound on Highway 46, turned left

across the westbound lane towards the interstate entrance ramp. Mullins's vehicle crossed in the path of the oncoming westbound Bunch vehicle and the two automobiles collided. The speed limit posted on Highway 46 in the interchange area was forty miles per hour.

The Bunchs sued Mullins for the injuries they had allegedly sustained as a result of the accident. Mullins defended on the theory that Bunch's failure to exercise reasonable care for his own safety was the proximate cause of the accident. Specifically, he maintained that Bunch's speed at the intersection was excessive and that Bunch had failed to maintain a proper lookout for other vehicles.

At trial, conflicting evidence was introduced regarding the speed of Bunch's vehicle immediately prior to the collision. At the close of evidence, Mullins tendered to the trial court the following instruction, which constituted a verbatim recitation of Ind.Code § 9–4–1–57 (Burns 1980 Repl.):

"At the time of the collision in question there was in full force and effect Statutes of the State of Indiana which provides in part as follows:

" '(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care.

" '(b) Except when a special hazard exists that requires lower speed for compliance with paragraph (a) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of such maximum limits:

" '(1) Thirty (30) miles per hour in any urban district;

(2) Fifty-five (55) miles per hour on the interstate defense network of dual highways and in other locations;

(3) The maximum speed limits set forth in this section may be altered as authorized in sections 58 and 61 of this chapter.

" '(c) The driver of every vehicle shall, consistent with the requirements in paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.' 9–4–1–57.

"If you find from a preponderance of the evidence that either party to this action violated the provisions of this Statute on the occasion in question and the violation was without excuse or justification, such violation would constitute negligence on the part of the party so violating said Statute."

The trial court refused to give the instruction. The jury ultimately returned a verdict for the Bunchs, awarding Glen damages for his personal injuries and Debbie damages for loss of consortium.

Mullins appealed. Among those alleged errors raised by him on appeal was the trial court's refusal to give his instruction reciting verbatim the terms of Ind.Code § 9–4–1–57, *supra*. The Court of Appeals held that the failure of the court to give the instruction constituted reversible error and warranted a new trial. In so ruling, the Court of Appeals rejected Bunch's argument that the instruction was properly refused as overbroad, confusing, and misleading.

■■■ A party, of course, is entitled to an instruction on a proposition of law if there is evidence in the record to support giving the instruction. *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836; *State v. Lincoln Memory Gardens, Inc.*, (1961) 242

Ind. 206, 177 N.E.2d 655. Conversely, it is error for a trial court to instruct the jury on propositions of law not pertinent to the issues or applicable to the evidence. *Brook v. St. John's Hickey Memorial Hospital,* (1978) 269 Ind. 270, 380 N.E.2d 72; *Baker v. Mason,* (1968) 253 Ind. 348, 242 N.E.2d 513; *State v. Lincoln Memory Gardens, Inc., supra; Chaney v. Tingley,* (1977) Ind.App., 366 N.E.2d 707.

■ It does not follow from these venerable rules that a party who submits an instruction which, in light of the evidence, contains both appropriate and inappropriate propositions of law, is entitled to have the instruction submitted to the jury. Nor is it the responsibility of the trial court to engage in redaction for the parties and submit the instruction as modified to the jury. Rather, it is the equally long-standing rule that unless it is the duty of the court to give the instruction precisely as requested, it does not commit error by refusing to submit the instruction to the jury. *Van Sickle v. Kokomo Water Works Co.,* (1959) 239 Ind. 612, 158 N.E.2d 460; *American Motor Car Co. v. Robbins,* (1913) 181 Ind. 417, 103 N.E. 641; *Rogers et al. v. Leyden,* (1890) 127 Ind. 50, 26 N.E. 210; *State, Highway Commission v. Jones,* (1977) 173 Ind.App. 243, 363 N.E.2d 1018; *Fetter v. Powers,* (1948) 118 Ind.App. 367, 78 N.E.2d 555.

■ Here, as the parties conceded on appeal, paragraph "(b)" of the instruction *in toto* was not applicable to the evidence or issues before the jury. The Court of Appeals, however, stated:

"We are of the opinion that while paragraph (b) may have been extraneous and irrelevant, it would not make the entire instruction so confusing as to require its exclusion." *Mullins v. Bunch, supra,* p. 7.

It is dangerous to deviate from the long-standing rule that parties are only entitled to those instructions which are—in their entirety—appropriate to the evidence. The rule does not admit of *ad hoc* exceptions,

for so long as this jurisdiction adheres to the general rule that instructions should not be sent into the jury room for the jurors to read and contemplate,[1] the jury's only exposure to the technical legal language and nuances therein will occur in the court's recitation of the body of final instructions. It is difficult to accept the proposition that in this single blush, the jury will necessarily remember and maintain inviolate the separate aspects of each proposition of law recited to them.

That is particularly true here, where to sustain the Court of Appeals' conclusion it must necessarily be assumed that the collective minds-eye and memory of the jury would not have been confused or misled by an unwarranted recitation of the terms of paragraph "(b)." Had the trial court given the instruction as tendered, the jury would have listened to a legal recitation wherein, among others, the terms "intersection," "due care," "thirty miles per hour," "interstate," "reasonable and prudent," "fifty-five miles per hour," and "appropriate reduced speed" would have passed in narrow juxtaposition. To attempt to quantitatively gauge the negative effects and cumulative impact the erroneous instruction would have had on the jury's understanding and retention of the law to be applied can only be an exercise in speculation. It is not improbable that the various terms of speed improperly tendered would have obscured the only speed limit which was at issue: forty miles per hour.

For that reason, the trial court properly refused Mullins's tendered instruction. *Van Sickle v. Kokomo Water Works Co., supra; American Motor Car Co. v. Robbins, supra; State, Highway Commission v. Jones, supra.* And for that same reason, the First District Court of Appeals in *Thompson v. Lee,* (1980) Ind.App., 402 N.E.2d 1309, criticized as "overbroad" and found error in an instruction which, as here, involved a verbatim statement of Ind.Code § 9–4–1–57, *supra,* portions of which were

---

1. *Jameison v. State,* (1978) 268 Ind. 599, 377 N.E.2d 404; *Snelling v. State,* (1975) 167 Ind. App. 70, 337 N.E.2d 829.

inapplicable to the evidence. Likewise, the Fourth District Court of Appeals in *Anderson v. Pre-Fab Transit Co., Inc.*, (1980) Ind. App., 409 N.E.2d 1157, stated that an instruction composed of the complete text of Ind.Code § 9–4–1–34 (Burns 1980 Repl.) was "overinclusive" and "confusing" in view of the evidence. Similarly, in *Dominguez v. Gallmeyer*, (1980) Ind.App., 402 N.E.2d 1295, the Third District held the trial court had properly refused to give an instruction which embodied a motor vehicle statute inapplicable to the issues at hand. *Accord, Ernst v. Sparacino*, (1978) Ind.App., 380 N.E.2d 1271.

Here, the Court of Appeals distinguished the decisions in *Anderson v. Pre-Fab Transit Co., Inc., supra,* and *Thompson v. Lee, supra*, on the basis that the overbroad instructions, although given, did not constitute reversible error in either case. While that is true, it hardly warrants the conclusion that the trial court's *refusal* to give the overbroad instruction here is reversible error. Rather, it is support for the contrary. *Dominguez v. Gallmeyer, supra; Ernst v. Sparacino, supra.*

In *Board of Commissioners of Miami County v. Klepinger*, (1971) 149 Ind.App. 377, 387, 273 N.E.2d 109, 115, Judge Staton observed:

> "Incorporating general and abstract statutory language into an instruction without any correct statement of application is error and must be condemned. Misapplication of statutes is an unavoidable hazard for lawyers and courts alike. It is a hazard that should not be introduced into a jury trial by instructions. This is especially true where the statute has only a remote relevance to the issues and evidence."

It is incumbent upon the party who tenders an instruction embracing statutory language to tailor its terms to comport with the issues and evidence on his theory of the case. *Dominguez v. Gallmeyer, supra; Ernst v. Sparacino, supra; see also*, Indiana Pattern Instructions § 15.01, *Comment* (1966) ("This instruction [Violation of Statute or Ordinance] should be modified when

necessary to reflect the factual situation."). That was not done here. The trial court properly refused the instruction.

For the foregoing reasons, we grant the Bunchs' petition to transfer, vacate the opinion and decision of the Court of Appeals, and affirm the judgment of the trial court.

GIVAN, C. J., and PRENTICE, J., concur.

DeBRULER and PIVARNIK, JJ., dissent and would deny transfer.