## HILKER *v.* HILKER.

[No. 18,503.   Filed November 3, 1899.]

DIVORCE.—*Interlocutory Orders.—Attorney's Fees.*—Where the wife in a divorce proceeding, brought by the husband, obtained a temporary allowance to enable her to defend, and afterward agreed to withdraw her petition therefor upon her husband's agreement to pay the same, and not to renew the application before the case was tried, no error was committed by the court in refusing to strike out a motion filed by defendant, at the conclusion of the evidence, for an allowance for the payment of her attorneys, since §1054 Burns 1894 provides for a temporary allowance for the wife, pending the action, to enable her to prepare her defense, and also to an allowance upon a final decree in her favor, to cover her expenses in the prosecution or defense of the action. *pp. 426-429.*

SAME.—*Interlocutory Order.—Attorney's Fees.*—It is made the imperative duty of the court, by §1054 Burns 1894, in decreeing a divorce to the wife, or refusing one to the husband, to make an allowance in favor of the wife sufficient to cover all her reasonable expenses in the prosecution or defense of the action, and the amount of the allowance rests in the sound discretion of the court. *p. 429.*

EVIDENCE.—*Divorce.*—Where a husband in a divorce proceeding testified in support of an averment in the complaint that his wife aban-

doned him, no error was committed in permitting defendant to ask him on cross-examination if her sister had not requested him, before she filed papers in the case, to take her back, as it tended to characterize the wife's absence. *p. 430.*

EVIDENCE.—*Rebuttal.— Practice.—* A party cannot divide his evidence and give part in chief and part in rebuttal. *p. 430.*

SAME.—*Divorce.—Witnesses—Impeachment.*—Where plaintiff in a divorce proceeding alleged as an element of cruel treatment that defendant was guilty of divers grave indiscretions with other men, and introduced evidence tending to prove the averments, no error was committed in permitting defendant to introduce evidence as to her general reputation and character for chastity in the neighborhood in which she resided. *pp. 430-432.*

From the Allen Circuit Court. *Affirmed.*

*Samuel M. Hench,* for appellant.

*Henry Colerick,* for appellee.

HADLEY, J.—Suit for divorce; judgment against the plaintiff, and he appeals. The plaintiff alleges in his petition, among other things as constituting cruel and inhuman treatment, intemperance, neglect of household duties, abuse of plaintiff's children by a former wife, and that the defendant has sought and received the attention of young and single men in the most imprudent manner, visiting them in their rooms when she had no business to see them, showing in her manner a total disregard of public sentiment and private morality, which was a continual cause of the deepest mortification and shame to the plaintiff; that she has received the visits of certain men at unreasonable hours of the night, and at times when she knew her husband would be absent; and that her conduct at such times had furnished sufficient evidence to satisfy any reasonable mind that she is morally unworthy to be the wife of the plaintiff.

Pending the petition, appellee filed her application, supported by affidavit, for a temporary allowance, under §1054 Burns 1894, to enable her to make an efficient preparation for defense. Over the objection and exception of appellant the court entered an interlocutory order that he pay into

court for the use of defendant, for the purposes prayed for by her, the sum of $50. Subsequently, and before the order was complied with, the parties entered into a written agreement as follows:

"The plaintiff and defendant to the above cause hereby agree to the following facts: (1) The plaintiff agrees to pay to the defendant the sum of fifty dollars ($50), which sum was allowed the defendant as a temporary allowance by said court, on the 3rd day of February, 1897. (2) The defendant agrees to withdraw her petition and affidavit for temporary allowance filed by her in said court June 1, 1897, and not to renew the same before said case is tried. (3) The plaintiff agrees to withdraw his motion and affidavit for a change of venue from Allen county, and agrees to try said case in said court, in said county. (4) This agreement is to be filed in said court, when in session, with Hon. C. M. Dawson, Judge, on the bench. Witness our hands this 23rd day of June, A. D. 1897. S. M. Hench, Att'y for Plaintiff. Bittenger & Clapham, Att'ys for Defendant."

September 28, 1897, the cause came to trial, and, after the evidence was closed and cause continued for argument, the defendant, by her attorneys, filed a motion supported by the affidavit of one of them, William E. Clapham, in effect that they had received no compensation whatever for their services in the case, and that the defendant was unable to pay any; that the "court enter an order in this cause requiring plaintiff to pay into court for *said defendant,* to use in paying said counsel, such a sum as the court deems just and right." Whereupon the plaintiff filed his motion supported by affidavit to strike from the files the affidavit of William E. Clapham, asking for an allowance for the attorneys for the defendant in this cause, for the reason that said application and motion was in violation of the written agreement of June 23, 1897. The motion to strike out was overruled, and the court rendered final judgment that the plaintiff take nothing by his suit; that the defendant recover of the plain-

tiff her costs; and it is ordered that the plaintiff pay to Henry Colerick, attorney for defendant, $50, and to Bittenger & Clapham, attorneys for defendant, $100, "as attorneys fees for defending this cause on behalf of the defendant." Proper exceptions were saved. The overruling of plaintiff's motion to strike the affidavit of Clapham from the files and the entry of the final judgment order that plaintiff pay defendant's attorney fees, present the first question arising in this appeal.

There is no strength in appellant's contention that the motion for an allowance of attorney fees is in violation of the written agreement of June 23rd. That agreement purports only to relate to temporary allowances, pending the action, to enable the wife to prepare her defense, and not to allowances in the final decree. Both these powers are conferred upon the court by §1054, *supra,* and the purposes to be attained by them are separate and distinct. This court said in *Harrell* v. *Harrell,* 39 Ind. 185: "The above section contains two separate and distinct propositions. The one is, that 'pending a petition for a divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, the property, and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof.'

"The other proposition is, that 'on decreeing a divorce in favor of the wife, or refusing one on the application of the husband, the court shall by order, to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition when such divorce has been so granted or refused.'

"The first allowance provided for has to be made while the action is pending, and only to such an amount 'as shall insure to the wife an efficient preparation of her case and a fair and impartial trial thereof.'

Hilker *v.* Hilker.

"The second allowance is to be made after a divorce has been decreed in favor of the wife, or refused on the application of the husband, and shall be for a sum sufficient 'to pay all reasonable expenses of the wife in the prosecution or defense of the petition.'

"It is made the imperative duty of the court, in decreeing a divorce to the wife, or refusing one to the husband, to make an allowance sufficient to cover all reasonable expenses of the wife in the prosecution or defense of the action. The language of the statute is, that the court shall make such orders, etc." See, also, *Davis* v. *Davis*, 141 Ind. 367. The facts in the case of *Garrison* v. *Garrison*, 150 Ind. 417, are not analogous, and hence the case is not an authority in support of appellant's contention. In that case the attorneys for the defendant, after entry of judgment refusing a divorce, requested "the court to make *them* an allowance as such attorneys." In this, the motion is that the court enter an order, as a part of its final judgment, "requiring the plaintiff to pay into court for *said* defendant to use, etc.," and the final decree is that the allowances were made "on behalf of the defendant." Appellant's motion to strike appellee's motion and affidavit from the files was properly overruled.

The overruling of appellant's motion to reduce the amount allowed attorneys is also assigned as error. The allowance rested in the sound discretion of the court, exercised upon the nature and extent of the services rendered by the attorneys to their client. The record discloses that there were thirty-seven witnesses examined, and two days occupied with the trial, exclusive of the argument; and we are unable to say that $150 was unreasonable.

The overruling of appellant's motion for a new trial is also complained of. There are forty-two reasons for a new trial set out, but only the fourteenth, twenty-third, twenty-fourth, twenty-fifth, twenty-seventh, twenty-eighth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth and

thirty-fifth are presented. All the others are waived under the rules of this court.

Upon cross-examination, the court permitted the following question to the plaintiff: "Did your sister-in-law, Mrs. Monok, before this lady (meaning defendant) filed any papers in this case, come and ask you to take her back? Answer, Yes, sir." There was no error in this. The plaintiff alleged in his petition that the defendant had abandoned him, and had testified in chief in support of the averment, and the inquiry was proper as it tended to characterize his wife's absence; and there is nothing in the question indicating that the request to take her back was after the commencement of the suit.

The twenty-third, twenty-fourth and twenty-fifth reasons relate to the exclusion of certain questions and answers offered in rebuttal for the purpose of showing that a certain man visited the room of the defendant, in the night-time after the separation from her husband. The inquiry was properly within the issue; the subject was a part of the plaintiff's case, had been entered into at length, and, both parties having rested, he could not rightfully resume the inquiry in rebuttal. The rule is that a party can not divide his evidence and give part in chief and part in rebuttal; and, if he goes into a subject originally, he must then present all his evidence upon that point. *Fitzpatrick* v. *Papa*, 89 Ind. 17, 21; *Stewart* v. *Smith*, 111 Ind. 526.

The twenty-seventh and to and including the thirty-fifth reason for a new trial challenge the action of the court in permitting the defendant to give evidence of her general reputation and character for chastity in the neighborhood wherein she resided. We concede the rule to be, that, in civil cases, a party may not support his own testimony, nor that of his witness, by direct evidence of good character; but it is equally the rule, that, in all cases where the character of a party or witness is assailed or put in issue, such evidence is allowable. The point of difficulty is to determine when

the rule should be applied. The weight of authority, however, seems to be, that when the adversary, under his averments, gives evidence of particular acts and circumstances from which natural and designed inferences throw strong suspicion upon the probity of the person affected, such person may meet the suspicions thus aroused by proof of general good character in respect to the particular traits involved. *American Express Co.* v. *Patterson*, 73 Ind. 430; *Byrket* v. *Monohon*, 7 Blackf. 83, 41 Am. Dec. 212; *Downey* v. *Dillon*, 52 Ind. 442, 452; *Graft* v. *Graft*, 76 Ind. 136; *Haymond* v. *Saucer*, 84 Ind. 3, 14; *Jones* v. *Layman*, 123 Ind. 569, 573; *McBee* v. *Fulton*, 47 Md. 403, 431; *Bennett* v. *Hyde*, 6 Conn. 24.

In this case appellant alleges in his petition for divorce, as an element of conduct constituting cruel treatment, that appellee was guilty of divers grave indiscretions with other men, in respect to which her conduct had been such as to satisfy any reasonable mind, in the absence of positive proof of guilt on her part, that she is morally unworthy to be the wife of the plaintiff, and he, in presenting his case to the court, introduced evidence tending to support the averments of his petition. The obvious purpose of the averments and evidence was to create in the mind of the court the belief that the defendant is unchaste,—that is to say—by proof of particular acts, inconsistent with female purity, have the court infer a want of virtue, and thus accomplish by indirection a damage to character no less severe and no less immediate and effective in its injury than if directly made; and can it be said that the defendant was not entitled to disprove the acts charged and the inferences arising therefrom by any recognized competent evidence, by any quality of evidence that would put the court in a condition more intelligently and safely to draw its conclusions? And, furthermore, can it be said that a course of conduct long continued—character making—which is uniformly in negation of the acts charged, shall not be weighed on the side of im-

probability against the inference from specific acts? The principal witness in support of the complaint testified to her ill feeling toward the defendant, and to her ejectment from the defendant's house by process of law; and to make it possible for an unscrupulous witness to assail character by malicious fabrication and base innuendo, without the fullest opportunity to repel it, would be to expose the reputation of the purest persons to constant peril.

The averments and testimony put the defendant's reputation for chastity in issue before the court, and, as was said by the court in *Jones* v. *Layman,* 123 Ind. 569, at page 573, "it would be a harsh rule that would not allow her to vindicate her character."

We find no error in the record.

Judgment affirmed.