IRENE J. ANDERSON AND WILLIAM ANDERSON *v.* GORDON G. BAKER.

[No. 3-1273A178. Filed October 23, 1975.]

*Robert L. Stephan*, of South Bend, for appellants.

*Robert D. Hawk, Spangler, Jennings, Spangler & Dougherty*, of Gary, for appellee.

GARRARD, J.—This is an action brought by a husband and wife (Anderson) for personal injuries to the wife, property damage and loss of consortium allegedly sustained in an automobile collision. A jury returned a verdict for the defendant, Baker.

The collision occurred on Franklin Street in Michigan City at the entryway to a shopping center. In this area,

Franklin Street consists of five lanes. The eastern two lanes are for northbound traffic. The western two lanes are southbound. The fifth, or middle, lane is utilized by those wishing to make left turns.

At the time in question the Anderson auto was headed north on Franklin. Mrs. Anderson pulled into the center lane and stopped in preparation to turn left into the shopping center. Facing her was an auto partially in the center lane and partially in the inside southbound lane which had also stopped to make a left turn. Several vehicles were stopped in the inside southbound lane behind this second car.

Baker approached this scene driving south. He saw the stopped vehicles ahead of him and switched to the outside lane. Moments later he collided with the Anderson vehicle as it turned into the shopping center driveway.

We find the appellant has failed to demonstrate harmful error and the judgment should be affirmed.

Objection is first made to the introduction into evidence of certain medical records regarding Mrs. Anderson. While the transcript indicates an objection was made when these exhibits were offered, both the transcript and the motion to correct errors fail to set forth any specific objection to the exhibits.

If this failure occurred either because the court reporter failed to take down the objection or merely failed to type it into the transcript, Indiana Rules of Procedure, AP. 7.2(C) provides a remedy. However, no effort to invoke that procedure was made. When AP. 7.2 (C) is not utilized, the record presented is conclusive. *So. Ind. Gas & Elec. Co.* v. *Decker* (1974), 261 Ind. 527, 307 N.E.2d 51. Accordingly, since a mere general objection is insufficient to present reversible error, no issue has been preserved regarding introduction of these medical records. *Indpls. T & T Co.* v. *Howard* (1921), 190 Ind. 97, 128 N.E.

35; *Duncan* v. *State* (1975), 166 Ind. App. 302, 335 N.E.2d 827.

In addition, the exhibits admittedly relate solely to the question of pre-existing injury. Their bearing was on the question of damages. That the jury returned its verdict upon the issue of liability is demonstrated by the finding for defendant on the property damage claim as well. Thus, any potential error was rendered harmless by the defendant's verdict on the question of liability. *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 24 N.E.2d 1013.

Anderson also objected to the final instruction advising the jury of the necessity of finding that the collision aggravated her injury or condition if it existed prior to the collision.

No issue is taken with the language of the instruction. The objection was that it was predicated solely upon introduction of the medical records. We note, however, that during cross examination plaintiff admitted having low back pains prior to the collision. The instruction was supported by evidence at the trial and was proper. *See Cooper* v. *High* (1974), 262 Ind. 405, 317 N.E.2d 177.

The court also instructed the jury by quoting the traffic statute applicable to drivers slowing down, stopping or turning their vehicles, Ind. Ann. Stat. § 47-2023 (Burns 1965 Repl.).[1] The instruction then advised the jury that if they found that the plaintiff had "violated" this statute the violation would constitute negligence and if they further found that such violation "proximately caused or proximately concurred to cause" the collision then they must find for the defendant.

---

1. The statute has been amended since the collision. The current version is IC 1971, 9-4-1-78 (Burns Code Ed.)

The sole objection voiced to the instruction and argued on appeal is that mandatory instructions are *per se* harmful error. This overstates the rule applied in Indiana. While we have repeatedly stated that such instructions are disfavored, they will nevertheless be upheld when they properly state the law applicable to the case. *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N.E.2d 923; *White* v. *Evansville Amer. Leg. H. Assoc.* (1965), 247 Ind. 69, 210 N.E.2d 845; *Chamberlain* v. *Deaconess Hospital, Inc.* (1975), 163 Ind. App. 324, 324 N.E.2d 172.

Here, contrary to Anderson's assertion, the instruction required finding both the violation and proximate causation before the result of contributory negligence was reached. Furthermore, while violation of a traffic statute may be subject to excuse or justification, it is not reversible error to instruct that the violation is negligence *per se* in the absence of evidence of excuse or objection on that ground. *New York C.R. Co.* v. *Glad* (1962), 242 Ind. 450, 179 N.E.2d 571; *Northern Ind. Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 89 N.E.2d 905; *Rosenbalm* v. *Winski* (1975), 165 Ind. App. 378, 332 N.E.2d 249.

Anderson has therefore failed to establish reversible error in giving this instruction.

It is next asserted that the court violated the proscription against "mere accident" instructions by opening its instruction on the burden of proof with the statement:

"You are instructed that the mere fact that the accident occurred and that the plaintiffs possibly sustained some injuries and damages, would not justify you in returning a verdict for the plaintiffs. Before you would be authorized to find for the plaintiffs in this case, the plaintiffs must prove by a fair preponderance of the evidence. . . ."

The language employed does not contain the prejudicial defect found in *Miller* v. *Alvey* (1965), 246 Ind. 560, 207

N.E.2d 633, of attempting to account for a "pure" or "unavoidable" accident. Instead it is a burden of proof instruction similar to the one approved in *Perry* v. *Goss, supra. See, also, Chamberlain* v. *Deaconess Hospital, Inc., supra; Jessop* v. *Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598.

Finally, Anderson contends that the verdict was contrary to law. We need not belabor the evidence which, as the Anderson brief points out, was conflicting. It did not lead inescapably to a conclusion contrary to that reached by the jury. There was evidence of probative value from which the jury might have found Anderson guilty of contributory negligence. We are therefore precluded from altering the result.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 335 N.E.2d 831.