**Richard DUNLAP, Betty Dunlap, Appellants (Plaintiffs Below),**

v.

**George GOLDWIN d/b/a Longacre Park, Appellee (Defendant Below).**

**No. 2–181A12.**

Court of Appeals of Indiana, Second District.

Sept. 23, 1981.
Rehearing Denied Dec. 16, 1981.

Patrick J. Bennett, Andrew P. Sheff, Bennett & Sheff, Indianapolis, for appellants.

Danford R. Due, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Plaintiffs-appellants Richard Dunlap (Richard) and Betty Dunlap appeal from an adverse verdict and judgment in their claim against George Goldwin d/b/a Longacre Park (Goldwin), claiming the trial court erred in instructing the jury.

We reverse.

## FACTS

The pertinent facts are that Richard dove from a twenty-foot platform into the pool at Longacre Park. After entering the water, he struck the bottom of the pool, injuring both knees.

In an action which the Dunlaps brought against Goldwin, evidence indicated that depth markings were inaccurate and that the pool was unsafe. Appealing from a jury verdict and judgment against him, Richard raises several issues for our consideration.

*ISSUE*—Did the trial court err in instructing the jury?[1]

*PARTIES' CONTENTIONS*—The Dunlaps say the instruction is tantamount to a mere accident instruction, which is an incorrect statement of Goldwin's duty under Indiana law.

Goldwin's retort is that the instruction properly describes his duty of reasonable care under the circumstances.

*CONCLUSION*—The trial court committed reversible error in giving a "mere accident" instruction.

Over proper objection, the following instruction was read by the court:

An owner of a swimming pool is not an insurer of the safety of the users thereof, nor is he required to maintain a pool which is *accident-proof* or to use every possible precaution to avoid the occurrence of injury. Rather, the defendant's duty under the circumstances was to use reasonable care in maintaining the pool so that it would be reasonably safe for its intended purpose. (Emphasis added).

In *Miller v. Alvey*, (1965) 246 Ind. 560, 207 N.E.2d 633, the supreme court was confronted with an instruction similar to the one the Dunlaps claim is faulty. In *Miller* the jury was instructed

that a *pure accident* is an accident which arises where one is pursuing a lawful occupation or pursuit in a lawful manner, and something occurs which ordinary skill or precaution could not foresee or prevent, and as a consequence thereof, an accident occurs. If the damages complained of in this case resulted from a *pure accident*, then the defendant is not liable for the damages caused thereby. (Emphasis added).

*Fortwendle*, (1954) 124 Ind.App. 618, 116 N.E.2d 548.

---

Concluding that the giving of this mere accident instruction was reversible error, the court explained

> that the word "accident" does not necessarily preclude fault or negligence. The term is susceptible of different meanings and constructions and to tell a jury there is no liability in case of "unavoidable accident" or "pure accident" i. e., an unintentional, careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care.

*Id.* at 565, 207 N.E.2d at 636.

Although reversible error has not been found if an instruction contains the word "accident" and essentially deals with the burden of proof, *Perry v. Goss,* (1970) 253 Ind. 603, 255 N.E.2d 923; *Ernst v. Sparacino,* (1978) Ind.App., 380 N.E.2d 1271; *Anderson v. Baker,* (1975) 166 Ind.App. 324, 335 N.E.2d 831; *Adkins v. Elvard,* (1973) 155 Ind.App. 672, 294 N.E.2d 160; *Wilson Freight Co. v. Scheurich,* (1968) 143 Ind. App. 53, 238 N.E.2d 25, or the issue of proximate causation, *Chamberlain v. Deaconess Hospital, Inc.,* (1975) 163 Ind.App. 324, 324 N.E.2d 172; *Jessop v. Werner Transportation Co.,* (1970) 147 Ind.App. 408, 261 N.E.2d 598, reversible error has been found if the instruction speaks to the issue of liability and *in substance* describes liability in terms of a mere accident. *See Miller v. Alvey,* ("pure accident") *supra; White v. Evansville American Legion Home Association,* (1965) 247 Ind. 69, 210 N.E.2d 845 ("mere accident"); *Qualls v. J. C. Penney Co.,* (1969) 144 Ind.App. 276, 245 N.E.2d 860 ("occurrence without there being fault . . . an accident"); *Jones v. Castor,* (1966) 140 Ind.App. 342, 214 N.E.2d 180 ("mere accident"); *Pierce v. Horvath,* (1968) 142 Ind. App. 278, 233 N.E.2d 811 ("mere happening of an accident").

The use of non-liability verbiage in the first sentence of the instruction before us, "not an insurer" and "accident proof," so taint the instruction as to make it as fatally defective as the instruction in *Miller v. Al-*

*vey.* The same potential for confusing the jury as to the true basis for liability exists in both instructions, even though the misleading language in *Miller* may be somewhat pronounced.

Accordingly, the judgment of the trial court is reversed with instructions to conduct further proceedings consistent with this opinion.

SHIELDS, J., concurs.

STATON, J. (sitting by designation) concurs.