Lee Allen CHAFFEE, et al.,
Plaintiffs-Appellants,

v.

CLARK EQUIPMENT COMPANY, et
al., Defendants-Appellees.

No. 3–1283A401.

Court of Appeals of Indiana,
Third District.

July 16, 1985.

Robert F. Gonderman, Sr., Gonderman Law Offices, P.C., South Bend, for plaintiffs-appellants.

Timothy J. Walsh, Edward N. Kalamaros & Associates, P.C., South Bend, for defendant-appellee Clark Equipment Co.

R. Kent Rowe, Edmond W. Foley, Rowe & Laderer, South Bend, for appellees Georgetown Steel Corp. and Joseph Etheridge.

GARRARD, Judge.

Lee and Carla Chaffee (Chaffee) appeal from a negative judgment in their action to recover for injuries sustained by Lee while operating a forklift truck manufactured by Clark Equipment Company (Clark). At the time he was engaged in unloading steel coils from a truck owned by Georgetown Steel Company (Georgetown).

The evidence disclosed that Chaffee, an experienced forklift operator, and another employee were to unload the steel coils. Chaffee drove his forklift up onto the truck bed. The coil which Chaffee started to lift was attached to another coil and this required Chaffee to raise the coil higher than usual into the air to dislodge it from the other one. With the coil high in the air Chaffee started to back up, hit some loose gravel which had accumulated on the truck bed, and was thrown to the ground when the left wheel of the forklift broke through the truck bed. The forklift landed on Chaffee's leg causing severe injury.

From past experience and from incidents in which others had been injured, Chaffee knew that it was dangerous to drive up onto a truck bed with a forklift. Truck beds frequently had holes in them and steel plates were available to place over the

238

holes to prevent a forklift from breaking through and rolling off the side. Even though no steel plates covered Georgetown's truck bed and even though Chaffee did not examine the truck bed, he drove up onto it since his co-worker had done so with no apparent difficulty. Chaffee testified that his awareness that the weight of the coil would place a greater weight upon the left wheel of the forklift did not warn him that such a weight would produce a dangerous imbalance, causing a fall.

Chaffee subsequently brought suit against Georgetown and Clark. A comprehensive pretrial order was entered and the case was tried to a jury. The claim against Georgetown was predicated on negligence; that against Clark upon a manufacturer's strict liability in tort.

Trial of the case consumed a week and nearly two thousand pages of record were generated. The jury returned a verdict for both defendants and Chaffee appeals asserting seventeen errors concerning the admission and exclusion of certain evidence and the court's final instructions.

■ Chaffee first contends the court erred in giving the following instruction:

"Georgetown Steel Corporation is not an insurer or guarantor of the safety of all those who have occasion to be in, upon or around vehicles owned or used by Georgetown Steel Corporation. There is no obligation on the part of such owner or user of equipment to protect a person against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover and avoid them in the exercise of reasonable care for his own safety."

We must commence by expressing disapproval of the instruction.

Where the issue is negligence an instruction advising the jury that the defendant "is not an insurer or guarantor of the safety of [plaintiff]" is ostensibly offered to establish by contrast that the plaintiff

must establish a failure to use reasonable care.

Such instructions have been properly refused on the ground that insurer/guarantor status is outside the issues of the case in question. *Meadowlark Farms, Inc. v. Warken* (1978), 176 Ind.App. 437, 376 N.E.2d 122, 136. In addition, we suspect a concern on the part of the court that the language has some tendency to confuse the jury into thinking that a plaintiff must show something other than simply the absence of ordinary care on the part of a defendant. Such is the possibility where words of contrast are not, in fact, opposing equivalents.

Nevertheless, where the jury has been otherwise fully instructed, our Supreme Court has determined that *giving* an instruction containing the insurer/guarantor language is not reversible error. *Conder v. Hull Lift Truck, Inc.* (1982), Ind., 435 N.E.2d 10, 16–17.

Moreover, we disagree with the dissent's perception that this language creates a "pure-accident" instruction.[1] It does not, and to the extent that *Dunlap v. Goldwin* (1981), Ind.App., 425 N.E.2d 724 supports the dissenting view, we believe *Dunlap* to be in error.

Here, as the trial judge indicated to the parties, there was some justification in contrasting for the jury the requirements necessary to the negligence theory against Georgetown from the strict liability requirements applicable to Clark. We conclude giving the instruction was not reversible error. *Conder, supra.*

■ Chaffee next complains of a companion instruction which advised the jury that the fact the forklift broke through and fell did not, standing alone, establish negligence and if the jury determined that the flatbed was in an unreasonably dangerous condition, the plaintiffs also had the burden of establishing that Georgetown knew, or in the exercise of reasonable care should have known, of the condition in time to

1. While the concern may be similar, the basis arises from the court instructing on a theory of

"accident." *See Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633.

have remedied it or warned plaintiff of its existence.

The objection was that this was a "mere accident" instruction and that the requirement that plaintiff prove actual or constructive knowledge in time to remedy, or warn of, the defect was contrary to law.

We do not agree that the instruction was a "mere accident" instruction. *Compare Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633. The essence of such instructions is to tell the jury that if they find the injuries occurred from a mere, pure, etc. "accident" the plaintiff may not recover. Such instructions are confusing and misleading because the term "accident" does not necessarily preclude fault or negligence. 207 N.E.2d 636.[2] The challenged instruction is not of that genre.

■ In addition, we do not agree with Chaffee's assertion that the requirement of actual or constructive knowledge was contrary to law. Such knowledge is an element in determining the failure to exercise reasonable care in a negligence claim, and indeed is an element in Chaffee's own tendered instruction No. 9 which was given by the court. *See, e.g., Hunsberger v. Wyman* (1966), 247 Ind. 369, 216 N.E.2d 345. Here, when construed together with the other instructions given by the court they fairly instructed the jury and did not deny Chaffee consideration of his contentions.

Georgetown's tendered instruction No. 3, given by the court, was not a "mere accident" instruction, as objected to by Chaffee. It helped define reasonable care, and when construed with the other final instructions properly advised the jury.

■ Georgetown's instruction No. 6 advised the jury that the fact that one or more of the defendants was a corporation while the plaintiff was an individual should not influence them in deciding the case; they should weigh the evidence fairly and impartially and apply the law as given by the court. We find no error in giving the instruction.

■ We need not consider Chaffee's contentions concerning Georgetown's instruction No. 10, since the instruction related to the proper measure of damages. Where the verdict denied liability, error in an instruction on the measure of damages is harmless. *Adkins v. Poparad* (1943), 222 Ind. 16, 51 N.E.2d 476.

■ Chaffee next attacks several instructions tendered by Clark and given by the court. He first attacks Clark's tendered instruction No. 7 which concerned the claim of defective design and stated:

> "In order to prove the fork-lift truck in question to be defective in its design the plaintiffs have the burden of proving by a preponderance of the evidence (a) that the product as designed is incapable of preventing the injury complained of and (b) that there is an alternate design which would have prevented the injury and (c) that the alternate design is feasible."

The language is taken from *Lolie v. Ohio Brass Co.* (7th Cir.1974), 502 F.2d 741 where the court was considering the items of proof necessary in a defective design case. It is, however, a familiar proposition that a statement is not an appropriate instruction for a jury merely because it has been made in an opinion of one of the appellate courts. *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228; *Jacks v. State* (1979), 271 Ind. 611, 394 N.E.2d 166.

The problem with the first element set forth in the instruction (that the product as designed is incapable of preventing the injury), which is the one complained of on appeal, is that it appears to require the plaintiff to prove a negative. As such, the instruction is confusing. What must a plaintiff do to establish that the product is "incapable of preventing the injury complained of?" Upon reflection we must conclude that showing the injury occurred is all that is necessary. Thus, contrary to Chaffee's assertion the statement is not

---

**2.** The other problem with such instructions noted in *Miller* is whether there is evidence to support a determination that the happening occurred unavoidably. 207 N.E.2d 637.

contrary to law, although it could certainly have been rejected for its confusing character.

However, on appeal Chaffee is limited to the objection he posed at trial. *State v. Edgman* (1983), Ind.App., 447 N.E.2d 1091. The mere fact that a tendered instruction might be properly refused by the trial court does *not* mean that reversible error is committed in the giving of such an instruction. For the giving of such an instruction to constitute reversible error, the appellant must establish that he preserved the potential error and that he was likely harmed in the outcome of the case because the instruction was given. No such showing has been made concerning this instruction.

Chaffee also complains of three other instructions given by the court at Clark's request. Two relate to establishing strict liability in tort and the third advised the jury that if the acts or omissions of someone other than the defendants were the sole proximate cause of the occurrence, then the defendants would not be liable.[3]

The objections to these instructions all raise the question of whether there was evidence to support giving the instruction, or some part of it. Of course, an instruction may be rejected if there was no evidence to support it. On the other hand, the instructions in question correctly state the law. Thus, if the jury followed the instruction it would still reach the correct result. Therefore, any error in giving the instruction occasioned by a lack of evidence to support the instruction was harmless. *Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114; *Nationwide Mut. Ins. Co. v. Neville* (1982), Ind.App., 434 N.E.2d 585.

Chaffee next objects to the court's refusal to give all or part of five instructions he tendered. We have reviewed each of his contentions and find that all the matters raised were adequately covered by the instructions given by the court. Accordingly, there was no reversible error. *Brook v. St. John's Hickey Memorial Hospital* (1978), 269 Ind. 270, 380 N.E.2d 72.

During the defendants' case there was introduced in evidence a decal which contained some warning information concerning operation of the forklift. Clark's witness Hastings testified that the decals were always put on forklift trucks during the manufacturing process beginning at a time prior to manufacture of the forklift involved here. He also testified that although he saw no decal on the forklift in question, he did see an identical decal on another forklift at Chaffee's employer's plant. We believe the decal was properly admitted. Evidence is relevant even though its ability to persuade is extremely light. *Smith v. Crouse-Hinds Co.* (1978), 175 Ind.App. 679, 373 N.E.2d 923, *transfer denied.* Moreover, no argument is presented by Chaffee concerning the information contained on the decal and we are, thus, unable to determine that he was harmed.[4]

Finally, Chaffee complains of the exclusion of certain evidence he offered in rebuttal to establish that while driving the forklift truck he could not see in front of him. In addition the court rejected proffered rebuttal testimony concerning the number of truckloads of coils that had been unloaded in the year prior to Chaffee's injury.

It is elementary that the trial court is invested with discretion in the admission of rebuttal evidence. The general rule is that a party may not divide his evidence and give part during his case-in-chief and part in rebuttal. If he goes into a subject originally, he should then present all his evidence upon that point. *Hilker v. Hilker* (1899), 153 Ind. 425, 55 N.E. 81. It is, thus, within the discretion of the trial court, as a matter of order of proof, to admit or exclude rebuttal evidence which

3. There was some evidence that Chaffee's employer, who was not a defendant, may have been negligent in its approach to the work.

4. Chaffee testified that he had not seen any such decal but that he understood all the pertinent provisions of the instruction manual. The decal referred operators to the instruction manual.

should or could have been given in chief. *Smith v. Metz* (1958), 129 Ind.App. 64, 153 N.E.2d 919. The purpose of rebuttal is the presentation of evidence which tends to explain, contradict or disprove the evidence offered by the adverse party. *Layton v. State* (1973), 261 Ind. 251, 301 N.E.2d 633; *see also generally Coffman v. Austgen's Elec., Inc.* (1982), Ind.App., 437 N.E.2d 1003.

██ Here the evidence was properly part of Chaffee's case-in-chief. Indeed he testified both as to visibility while driving the forklift and the number of loads they received per week. There was no abuse of discretion in excluding the evidence.

This case was vigorously and thoroughly tried over several days. The parties sought and secured permission to tender additional instructions beyond the ten permitted by Indiana Rules of Procedure, Trial Rule 51(D). Apart from forms of verdict, the court gave thirty-three final instructions, twelve of which were tendered by Chaffee. When considered as a whole the instructions fairly instructed the jury. It does not appear that any error affected the substantial rights of the parties or that the result was inconsistent with substantial justice. TR 61.

Affirmed.

HOFFMAN, J., concurs.

STATON, P.J., dissents and files separate opinion.

STATON, Presiding Judge, dissenting.

Mere accident instructions are a plague upon the administration of justice when they are used to reach the issue of liability. The Majority disapproves of their use but refused to reverse. I would reverse. My dissent is for the following reasons:

(1) The Majority attempts to overrule the Supreme Court opinion in *Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633 and the Court of Appeals, Second District, opinion in *Dunlap v. Goldwin* (1981), Ind.App., 425 N.E.2d 724.

(2) The Majority's reliance upon *Condor v. Hull Lift Truck, Inc.*, (1982), Ind., 435 N.E.2d 10, is misplaced. The Majority should have followed *Miller v. Alvey, supra,* and *Dunlap v. Goldwin, supra.*

(3) The Majority erroneously assumes that the "pure-accident" instruction does not extend to the issue of liability. It ignores the line of cases that distinguish between burden of proof and the issue of liability when a "pure-accident" instruction is being properly analyzed.

(4) In *Condor,* the Court held that the "pure-accident" instruction, relating to proximate cause—not liability—was harmless error, since it was cured by other instructions. No other instructions were given in the Chaffee case to lessen the impact of mass confusion caused by the mere accident instruction on liability.

(5) The "pure-accident" instruction has been disapproved by the Indiana Supreme Court, the Indiana Court of Appeals and by the Majority. Yet, the Majority insists that the giving of such an instruction should be tolerated and not looked upon as reversible error. The instruction is confusing and misleading. Its use presents an unsurmountable obstacle to the administration of justice, and it should be dealt with on appeal in a resolute manner which will leave no doubt at the trial level that its use will no longer be tolerated.

The "pure-accident" instruction was given upon the issue of liability. The theory was negligence. The Majority opinion states: "Moreover, we disagree with the dissent's perception that this language creates a 'pure-accident' instruction. It does not, and to the extent that *Dunlap v. Goldwin* (1981), Ind.App., 425 N.E.2d 724 supports the dissenting view, we believe *Dunlap* to be in error." *Dunlap* is predicated upon *Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633. In *Miller,* our Supreme Court explained that it was reversible error

242

to give a "pure-accident" instruction and stated:

> "that the word 'accident' does not necessarily preclude fault or negligence. The term is susceptible of different meanings and constructions and to tell a jury there is no liability in case of 'unavoidable accident' or 'pure accident' i.e., an unintentional, careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care."

*Miller v. Alvey*, 207 N.E.2d at 636.

Although the Majority begins its discussion of "pure-accident" instruction by saying: "We must commence by expressing disapproval of the instruction," it nevertheless condones the instrument of confusion which the Indiana Supreme Court has attempted to exorcise in *Miller v. Alvey*.

As Chief Judge Buchanan stated in *Dunlap:*

> "The use of non-liability verbiage in the first sentence of the instruction before us, 'not an insurer' and 'accident proof,' so taint the instruction as to make it fatally defective as the instruction in *Miller v. Alvey*. The same potential for confusing the jury as to the true basis for liability exists in both instructions, even though the misleading language in *Miller* may be somewhat pronounced."

425 N.E.2d at 726.

The Majority has attempted to overrule the Indiana Supreme Court opinion in *Miller v. Alvey* and the Court of Appeals opinion in *Dunlap* by making a flippant reference to their existence and then pronouncing their demise.

The Majority's reliance upon *Condor v. Hull Lift Truck, Inc.* (1982), Ind., 435 N.E.2d 10 is misplaced. Proximate cause was the issue in *Condor*, not liability. Too, the theory in Condor was strict liability rather than negligence. As Justice Pivarnik pointed out in *Condor:*

> "The position of Allis-Chalmers is well taken that the same unforeseeable intervening cause of Condor's accident that insulated Hull from liability also insulated Allis-Chalmers. In fact, Allis-Chalmers is even further removed from the point of cause since not only was there the intervening acts of Globemaster but there was evidence that Hull had committed acts that could be considered intervening since the equipment was put on the market by Allis Chalmers...."

435 N.E.2d at 15–16.

*Hull* had converted the carburetor system from gasoline to L.P. gas, installed conversion kit parts on the carburetor, and had substituted a spring provided by the L.P. gas company. The "pure-accident" instruction related to the issue of proximate cause rather than the issue of liability.

In *Condor*, the opinion written for the Court by Justice Pivarnik, is in agreement with a long line of cases which hold that an accident instruction is not necessarily reversible when it deals with the burden of proof, e.g., proximate cause. *Perry v. Goss* (1970), 253 Ind. 603, 255 N.E.2d 923, 928; *Ernst v. Sparacino* (1978), 177 Ind. App. 610, 380 N.E.2d 1271, 1277; *Anderson v. Baker* (1975), 166 Ind.App. 324, 335 N.E.2d 831, 834; *Adkins v. Elvard* (1973), 155 Ind.App. 672, 294 N.E.2d 160, 163; *Wilson Freight Co. v. Scheurich* (1968), 143 Ind.App. 53, 238 N.E.2d 25, 30, or the issue of proximate causation, *Chamberlain v. Deaconess Hospital, Inc.*, (1975), 163 Ind.App. 324, 324 N.E.2d 172, 174–175; *Jessop v. Werner Transportation Co.*, (1970), 147 Ind.App. 408, 261 N.E.2d 598, 602. Additionally, Justice Pivarnik concluded in his opinion that the instruction was harmless error since the proper application of law was covered by other instructions. In Chaffee's case, there were no other instructions to clarify the standard of liability.

The "pure-accident" instruction has been disapproved time and time again by the Indiana Supreme Court, the Indiana Court of Appeals, and singularly disapproved by the Majority. The "pure-accident" instruction is confusing, misleading and a plague upon the administration of justice.

The only way to rid the courtroom of the scourge of "pure-accident" instructions is to reverse.