**Lee Allen CHAFFEE, and Carla Chaffee, Appellants,**

v.

**CLARK EQUIPMENT COMPANY, Georgetown Steel Company, Appellees.**

No. 3–1283A401.

Supreme Court of Indiana.

Aug. 11, 1986.

Rehearing Denied Oct. 28, 1986.

Robert F. Gonderman, Sr., Gonderman Law Office, P.C., South Bend, for appellants.

Timothy J. Walsh, Kalamaros & Associates, South Bend, for appellee Clark Equipment Co.

R. Kent Rowe, Edmond W. Foley, Rowe & Laderer, South Bend, for appellee Georgetown Steel Co. and Joe Etheridge.

## CIVIL PETITION FOR TRANSFER

GIVAN, Chief Justice.

In an opinion published in 480 N.E.2d 236 (1985), the Court of Appeals affirmed the lower court decision in favor of both appellees, Clark Equipment Company (Clark) and Georgetown Steel Company (Georgetown). There was a dissenting opinion by Presiding Judge Staton.

The facts are: Appellant Lee Chaffee, while operating a forklift truck manufactured by Clark, sustained severe injuries when the forklift overturned. At the time of the accident, he was unloading steel coils from a truck owned by Georgetown.

Chaffee drove his forklift onto the bed of the truck and proceeded to lift a steel coil which was attached to another coil, thus requiring Chaffee to raise the forklift higher than usual. While the coil was high in the air, Chaffee started to back up when a wheel on the forklift broke through the truck bed. The combination of the lowered wheel and the highly-lifted coil caused the forklift to turn over resulting in Chaffee's injury. The claim against Georgetown was predicated upon negligence arising from an allegedly defective truck bed, whereas the claim against Clark was predicated upon manufacturer's liability in tort.

As to Clark, we affirm both the Court of Appeals and the trial court. However, we would observe that Clark did tender their Instruction No. 7, which was given as modified by the court and reads as follows:

"In order to prove that the fork-lift truck in question to be (sic) defective in its design the plaintiffs have the burden of proving by a preponderance of the evidence (a) that the product as designed is incapable of preventing the injury complained of and (b) that there is an alternate design which would have prevented the injury and (c) that the alternate design is feasible."

■ It is difficult to define what Clark had in mind in tendering such an instruction. When one studies the instruction carefully, it is difficult to determine how it could be applied to a set of facts. Considering that a jury hears the instruction read once by a trial judge, the jury could hardly be expected to apply it with any degree of intelligence. We feel it was error to give such an instruction to the jury; however, we hold that the giving of the instruction was harmless error. There is absolutely no evidence in the record to indicate any faulty construction of the forklift truck that could possibly have been considered a proximate cause of the accident. Under such circumstances we must presume the faulty instruction played no part in the jury's decision.

■ As to Georgetown, we grant transfer and reverse the trial court because of the giving of instructions tendered by Georgetown which were confusing as to the potential liability of Georgetown resulting from the allegedly negligent maintenance of its truck. There are three instructions involved, Georgetown's Tendered Instructions Nos. 1, 3 and 4. Each instruction was slightly modified by the trial judge. As modified and given to the jury, they read as follows:

### Tendered Instruction No. 1

"The fact that Mr. Chaffee and the forklift he was operating broke through and fell from the flatbed leased by Georgetown Steel Corporation, and that the plaintiff may have been injured thereby, is not, standing alone and by itself, sufficient for you to presume that Georgetown Steel Corporation or Joe

Etheridge were negligent or that the flatbed trailer was in any manner defective or unreasonably dangerous. Further, even if you should find from a preponderance of the evidence that Mr. Chaffee's fall was caused in whole or in part by an unreasonably dangerous condition of the flatbed trailer in question, the plaintiffs must further establish by a preponderance of the evidence that prior to plaintiff's fall, the defendants, Georgetown Steel Corporation and Joseph Etheridge, knew or in the exercise of reasonable care should have known of the unreasonably dangerous condition, if any, in time to have remedied said condition in the exercise of reasonable care or warned the plaintiff of its existence."

### Tendered Instruction No. 3

"The duty imposed upon Georgetown Steel Corporation and Joseph Etheridge, did not require them to use every possible precaution to avoid injury or damage to the Plaintiffs, nor that Georgetown Steel Corporation or Joseph Etheridge should have employed any particular means, which it appears after the accident would have avoided it; nor were Georgetown Steel Corporation and Joseph Etheridge, required to make accidents impossible. Such defendants were only required to use such reasonable precaution to prevent the accident and consequent damages, if any, as would have been adopted by an ordinarily prudent person under the circumstances as they appeared prior to the accident."

### Tendered Instruction No. 4

"Georgetown Steel Corporation is not an insurer or guarantor of the safety of all those who have occasion to be in, upon or around vehicles owned or used by Georgetown Steel Corporation. There is no obligation on the part of such owner or user of equipment to protect a person against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover and avoid them in the exercise of reasonable care for his own safety."

Georgetown and the majority in the Court of Appeals rely upon the case of *Conder v. Hull Lift Truck, Inc.* (1982), Ind., 435 N.E.2d 10. They correctly observe that an instruction similar to the instructions here was held not to be reversible error. However, as pointed out in Judge Staton's dissenting opinion, proximate cause was the issue in *Conder.* There the instruction was tendered by Allis-Chalmers, the company defending against a products liability claim. The purpose of the instruction in *Conder* was to advise the jury of Allis-Chalmers' potential liability in view of their claim of an intervening cause of the accident which the jury might well find was the proximate cause of the injury rather than the manufacturing of an unsafe device by Allis-Chalmers.

In the case at bar each of the instructions in question specifically refers to Georgetown. When read together, there can be little doubt that the author of these instructions intended to convey to the jury that a mere accident had happened and that they should not hold Georgetown liable as an insurer or guarantor of the safety of Chaffee.

As pointed out by Judge Buchanan in *Dunlap v. Goldwin* (1981), Ind.App., 425 N.E.2d 724, 726, "reversible error has been found if the instruction speaks to the issue of liability and *in substance* describes liability in terms of a mere accident." Although Judge Buchanan cited other authorities for this proposition, he basically relied on *Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633.

Although the instructions in question here do not use the words "pure accident" as were used in *Miller,* they were obviously intended to convey such meaning to the jury. We note in Judge Garrard's majority opinion in this case he states "[w]e must commence by expressing disapproval of the instruction." *Chaffee v. Clark Equipment Co.* (1985), Ind.App., 480 N.E.2d 236, 238. We differ from Judge Garrard's observation only in that although he disapproved

the instruction, he did not find it reversible error. We likewise disapprove of the instruction; however, we do find it to be reversible error so far as Georgetown is concerned.

The Court of Appeals and the trial court are affirmed as to Clark Equipment Company. As to Georgetown Steel Corporation, the opinion of the Court of Appeals is set aside. The trial court is reversed and the cause is remanded for a new trial.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

This case was fairly tried and the jury fairly instructed in the court below, and the resulting judgment should be affirmed. While Instruction No. 4, the one properly objected to, comes close to the line of legitimacy relied upon in *Conder v. Hull Lift Truck, Inc.* (1982), Ind., 435 N.E.2d 10, it does not reach or transgress it. This case involves the trial of a strict liability claim against Clark alone with the negligence claim against Georgetown. This instruction could be helpful in assuring that the jury maintain the greater burden upon the plaintiff as it deliberated upon the claim against Georgetown.