Darlene **WEINAND** and **Michael A. Weinand,** Appellants–Plaintiffs,

v.

Donald R. **JOHNSON,** Appellee– Defendant.

No. 35A04–9208–CV–279.

Court of Appeals of Indiana, Fourth District.

Nov. 4, 1993.

John P. Bullman, Bullman Law Office, Fort Wayne, for appellants-plaintiffs.

John F. Lyons, Alan Verplanck, Kathleen M. Anderson, Barrett & McNagny, Fort Wayne, for appellee-defendant.

MILLER, Judge.

In this personal injury action, plaintiff Darlene Weinand claims the trial court committed reversible error by giving a "mere accident" instruction. We agree, and reverse and remand for a new trial.

### FACTS

At about 4:30 p.m. on Friday, June 22, 1990, Darlene Weinand, age 29, was southbound on Lafayette Street in Fort Wayne. The road was wet and it was rush hour. She was going to the Southgate Shopping Center to get a prescription and was in the right hand lane preparing to make a right turn. As she neared the intersection of Lafayette and Pettit, the light changed

from red to green. The cars in front of her started to move forward, but then the car directly in front of her either stopped or nearly stopped. Weinand was able to stop without hitting anything, but a one ton '78 Chevy dump truck driven by Donald R. Johnson was not. Johnson's truck rammed Weinand's 1989 T–Bird in the rear causing $1428.19 in damages to its trunk. Both Weinand and Johnson testified that they were going at a low rate of speed, between eight and fifteen miles an hour. Weinand complained of pain in her left arm and was taken to Lutheran Hospital. Weinand and her husband sued Johnson for damages and loss of consortium. She continued to have pain and other symptoms and, by the time of trial, she had seen numerous medical doctors and chiropractors, but was still in pain.

Following a three day trial, the jury found that Johnson was not responsible for the accident. Weinand claims the trial court erred by: (1) giving a "mere accident" instruction; (2) giving a "sudden emergency" instruction; and (3) granting Johnson's Motion in Limine as to the inadmissibility of infrared thermography evidence.

### DECISION

### I. MERE ACCIDENT INSTRUCTION

■ Weinand claims that Final Instruction 10 was an impermissible "mere accident" instruction and that the term "acci-

dent" was confusing and misled the jury.[1] Instruction F–10 states:

"In order to prevail in their action the Weinands must prove by the preponderance of the evidence that Don Johnson was guilty of one or more acts of negligence. This burden rests upon the Plaintiffs and never shifts from them.

The occurrence of the automobile *accident* alone, involving vehicles being driven by Darlene Weinand and Don Johnson is not enough to sustain this burden. *Rather, when an event takes place, such as the accident of June 22, 1990, the real cause of which cannot be traced or which is not apparent, that accident ordinarily belongs to the class of occurrences designated as purely accidental and, there being no presumption of negligence in such cases,* the party asserting negligence must show enough to establish that the cause was the Defendant's negligence. You may not as jurors infer negligence.

In order to find negligence on the part of Mr. Johnson, you must be convinced by a preponderance of the evidence that the *accident* resulted from want of some precaution which he ought to have taken or from breach of a duty imposed by law upon him. *Pardue v. Seven–Up Bottling Co. of Indiana* (1980), [Ind.App.,] 407 N.E.2d 1154."

R. 571. (Emphasis added)[2]

■ It has long been held in Indiana that it is reversible error to instruct the jury

---

1. Johnson claims Weinand has waived this issue because she did not object to other instructions which contained the term "accident." Johnson offers no authority for his claim. We find Weinand properly objected to Instruction F–10 when counsel stated: "Plaintiffs object to the Instruction F–10 in that it is an incorrect statement of the law, is prejudicial and improper and that it is a form of a pure accident instruction." R. 614. Indiana Pattern Jury Instruction—Civil No. 5.47 clearly states: "The Committee recommends that no "mere accident" or "unavoidable accident" instruction be given in either traditional negligence actions or suits involving comparative fault claims." *Id.,* (Michie, 2d ed. 1989). The objection was sufficient to make the trial court aware of the alleged error before he gave the instruction to the jury.

2. Instruction F–10 was offered by Johnson and given by the trial court verbatim. The instruction is based upon dicta in *Pardue,* 407 N.E.2d 1154. In *Pardue,* a customer was severely injured when a sixteen ounce glass Seven–Up bottle fell through the bottom of a paperboard carton and exploded. Pardue was moving the carton from her shopping cart to the checkout counter when the carton failed. A piece of glass almost completely severed the Achilles tendon of her right ankle necessitating surgery and a lengthy period of recuperation. The case was tried on negligence and strict liability theories. The jury found in favor of Seven–Up. Pardue claimed giving a contributory negligence instruction was error because there was no evidence that she was negligent. The majority agreed and noted that, in addition, contributory negligence is not a defense to strict liability.

**1324** ■

that a plaintiff may not recover if his damages are the result of a "mere" or "pure" accident. *White v. Evansville American Legion Home Ass'n* (1965), Ind., 210 N.E.2d 845, 846; *Miller v. Alvey* (1965), Ind., 207 N.E.2d 633; *Dunlap v. Goldwin* (1981), Ind.App., 425 N.E.2d 724, 726. The danger of this instruction is the varying or ambiguous definitions and interpretations of the word "accident." In *Miller*, our supreme court explained:

> What is the meaning of the term "accident"? Webster's Third New International Dictionary (p. 11), defines it *inter alia* as "a usually sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result (a traffic accident in which several persons were injured)." It is thus readily apparent that the word "accident" does not necessarily preclude fault or negligence. The term is susceptible of different meanings and constructions and *to tell a jury there is no liability in case of "unavoidable accident" or "pure accident" i.e., an unintentional, careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care.*

> \*    \*    \*    \*    \*    \*

However, the majority found the error harmless because: (1) there was no evidence of negligence on the part of Seven–Up; and (2) Pardue failed to secure a judgment based on her strict liability theory even though the jury had been properly instructed on that theory. *Id.*

The majority noted that Pardue had not attempted to rely on the doctrine of *res ipsa loquitur* and, thus, Pardue had the burden to establish a prima facie case. *Id.* at 1158. The majority then said: "There is simply no evidence or inference from which a jury could have inferred substandard conduct on the part of Seven–Up which proximately caused [Pardue's] injury." *Id.* at 1159. The dicta that is the basis for Final Instruction 10 followed:

> When an event takes place, the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences designated as purely accidental, and there being no presumption of negligence

In a present day action based upon negligence the plaintiff must show his injury was proximately caused by the defendant's negligence, and the defendant under a pleading equivalent to a general denial may show any circumstances which rebuts the allegations of negligence directed to him or which concerns their causal effect. *The expression "unavoidable accident" or "pure accident" is not an affirmative defense and has no particular connotation in modern pleading of negligence cases.* Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, their use in instructions is undesirable and unwise, and any statements in prior decisions of this state construed as authorizing instructions on "pure accident" or "unavoidable accident" are hereby disapproved.

*Miller, supra,* at 636–637 (emphasis added).

■    This is true whether or not the instruction employs the word "accident." *Chaffee v. Clark Equipment Co.* (1986), Ind., 496 N.E.2d 84, 86–87 (instructions which impliedly conveyed to the jury that a "mere accident" had occurred were impermissible). Such instructions are misleading because they suggest that a defendant is not liable for causing a "mere accident," even though the defendant may have been

in such cases, the party who asserts negligence must show enough from the class mentioned; a jury cannot arbitrarily infer negligence, but the evidence must affirmatively establish circumstances from which the inference fairly arises that the accident resulted from the want of some precaution which the defendant out to have taken. *Wabash, St. Louis and Pacific Railway Company v. Locke, Administrator* (1887), 112 Ind. 404, 14 N.E. 391. A jury can infer negligence from the facts proved, but it cannot infer the existence of the facts which would constitute negligence. *Vandalia Railroad Company v. McMains* (1908), 42 Ind.App. 532, 85 N.E. 1038.

*Pardue,* at 1159.

In the instant case, there is evidence from which the jury could infer substandard conduct on the part of Johnson without inferring the existence of facts. *Pardue* is inapposite.

negligent in causing the "accident." *White, supra; Miller, supra.* This implication is not cured by instructions which attempt to create or define a sub-class of accidents not caused by negligence, e.g., "pure," "mere" or "unavoidable" accidents, because such a sub-class is contrary to the common understanding of the word "accident" as inclusive and self-defining and, thus, is inherently misleading. *Miller, supra,* at 636–637.

Indiana courts have created two exceptions to the rule set forth in *White* and *Miller.* In *Dunlap v. Goldwin* (1981), Ind. App., 425 N.E.2d 724, the court explained:

> Although reversible error has not been found if an instruction contains the word "accident" and essentially deals with the burden of proof, or the issue of proximate causation, reversible error has been found if the instruction speaks to the issue of liability and *in substance* describes liability in terms of a mere accident.

*Id.* at 726 (emphasis in original) (citations omitted). The rationale for this subtle distinction is that the jury might not be misled by an instruction which *clearly* states that the mere occurrence of an *"accident,"* without more, is insufficient to carry the plaintiff's burden of proof, which is a correct statement of the law in a typical case. However, the court in *Pierce v. Horvath* (1968), Ind.App., 233 N.E.2d 811, found that combining a proper burden of proof instruction with an impermissible reference to a "mere accident" *did not* cure the defectiveness of the instruction and reversed. *Id.* at 816–817.[3]

█ Johnson first argues that Instruction F–10 "mirrors the charge given in *Pardue v. Seven–Up Bottling Co. of Indiana* (1980), Ind.App., 407 N.E.2d 1154, 1159, which was upheld by the Court of Appeals...." Johnson's Brief at 10. This is incorrect as shown in n. 2 *supra.* Instruction F–10: (1) is based on dicta in *Pardue;* (2) is not "the charge given [by the trial court]" in *Pardue;* (3) is based on a *1887* case; and (4) cannot, in any way, be considered a model of modern pleading in negligence cases.

Johnson next argues the instruction is a proximate cause and burden of proof instruction and, therefore, comports with the exceptions to the rule. The first and last paragraphs of Instruction F–10 can be interpreted as burden of proof and proximate cause instructions. However, the second (or middle) paragraph states:

> "[W]hen an event takes place, such as the accident of June 22, 1990, the real cause of which cannot be traced or which is not apparent, that accident ordinarily belongs to the class of occurrences designated as purely accidental...."

This sentence is confusing, contrary to the directions of our supreme court and adds nothing to either of these concepts.[4] The court is stating, as a matter of law, that the real cause of the collision in question is unknown (cannot be traced) or is not apparent. It is also contrary to the facts, because the cause of the "accident" was readily apparent—Johnson's truck rearended Weinand's car. The issue was whether Johnson was negligent.

█ In determining whether a particular instruction is an impermissible "mere accident" instruction, we examine whether the jury is likely to be misled by the use of the word "accident" or by similar language. Here, Instruction F–10 specifically links the occurrence of an "accident" to a sub-class of accidents designated as "purely accidental" and to the absence of negligence. Our supreme court has clearly stated this is not the law in Indiana. *White, supra; Miller, supra.* The nexus creates, at the very least, a misapprehension in the minds of the jury that there is no liability

---

3. The instruction read:

> "Negligence alleged is not to be presumed from the *mere* happening of an *accident.* The plaintiff must establish by a fair preponderance of the evidence that the defendant, in the exercise of ordinary care, ought to have antic-

ipated and prevented the *accident." Pierce, supra,* at 815–816 (emphasis added).

4. We divided Instruction F–10 into three paragraphs. As originally tendered by Johnson and given by the trial court, it is one long and rather confusing paragraph.

in the case of a "mere accident." At the very worst, "[t]he instruction is necessarily mandatory and, in truth, begs the entire question that the jury is bound to determine." *See Indiana Pattern Jury Instructions—Civil*, n. 1 *supra*.

As stated by Judge Staton in his dissent to the Court of Appeals' decision in *Chaffee:* "Mere accident instructions are a plague upon the administration of justice when they are used to reach the issue of liability." *Chaffee v. Clark Equipment Co.* (1985), Ind.App., 480 N.E.2d 236, 241, *reh'g denied*, (Staton, J., dissenting) *rev'd* (1986), Ind., 496 N.E.2d 84. "The only way to rid the courtroom of the scourge of 'pure accident' instructions is to reverse." *Id.* at 243. Like our supreme court, we agree with Judge Staton. Counsel and trial courts should not be permitted to circumvent the repeated warnings of our appellate courts not to give "mere accident" instructions—no matter how creative their wording. A defendant insisting on a "mere accident" instruction does so at his own peril. The trial court erred by giving Instruction F–10. Therefore, we reverse and remand for a new trial.

## II. SUDDEN EMERGENCY INSTRUCTION

We do not reach the question of whether the giving of a sudden emergency instruction was improper because the trial court will review its instructions as a matter of course upon retrial and conform them to the evidence. We merely note that it seems the facts determined at this trial, i.e., a low speed, rear-end collision on a wet road during rush hour, may not support such an instruction.

## III. ADMISSIBILITY OF INFRARED THERMOGRAPHY EVIDENCE

In *K–Mart Corp. v. Morrison* (1993), Ind.App., 609 N.E.2d 17, *trans. denied*, (decided after the case before us), after an extensive analysis of case law, the court held that the admission of thermographic evidence was error. We see no need to revisit this issue at this time. The trial court in this case did not err by ruling such evidence inadmissible.

Reversed and remanded for a new trial.

CHEZEM and ROBERTSON, JJ., concur.